UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW A. ORTIZ,

        Petitioner,

vs.   Case No. 2:11-cv-354-FtM-29DNF

SECRETARY, DOC; FLORIDA ATTORNEY GENERAL,

        Respondents.
_____

## OPINION AND ORDER

Petitioner Matthew Ortiz ("Petitioner" or "Ortiz"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on June 16, 2011.[1] Pursuant to the Court's Order to respond and show cause why the Petition should not be granted (Doc. #9), Respondent filed a Limited Response (Doc. #11, Response) on February 27, 2012, incorporating a

---

[1] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

motion to dismiss the Petition on the grounds that the Petition is time barred pursuant to 28 U.S.C. § 2244(d).[2]  Respondent submits exhibits (Exhs. 1-15) in support of the Response.  See Appendix of

---

[2] On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Exhibits (Doc. #13). Petitioner filed a reply to the Response (Doc. #14, Reply). This matter is ripe for review.

Ortiz challenges his 1995 judgment of conviction for first degree murder (Count I), aggravated assault (Count II), and aggravated assault on a law enforcement officer (Count III) entered by the Twentieth Circuit Court, Lee County, Florida (case number 94-1374-CF). Ortiz was sentenced to life on Count I and consecutive sentences of 5 years on Count II and 15 years on Count III. Response at 2; Exh. 1. Ortiz's sentences and conviction were *per curiam* affirmed on direct appeal on **May 23, 1997**. Exh. 5. Consequently, Ortiz's state conviction became final on **Thursday, August 21, 1997.** See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed).³ This was <u>after</u> the April 24, 1996, effective date of the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on **Friday, August 21, 1998.**⁴ Consequently, the Petition filed in this Court on June 16,

---

³ A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

⁴ Applying "anniversary date of the triggering event." <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008).

2011, would be untimely, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, **660 days** of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.850 filed on **June 14, 1999**. See Exh. 1 (state court docket sheet); see also Exh. 6. However, by that time, Petitioner's AEDPA period had lapsed, and the Rule 3.850 motion could not operate to toll the statute of limitation. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition that is filed following the expiration of the federal limitations cannot toll the limitations period because there is no remaining period to be tolled). Consequently, the subsequent motions for postconviction relief filed by Petitioner, whether timely filed under Florida law or whether properly filed, are inconsequential for purposes of determining the timeliness of the Petition *sub judice*. "Once the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)). Thus, the instant Petition is due to be dismissed as untimely.

Petitioner argues that the Petition is not untimely because his one year to file the instant Petition should be calculated from the date he discovered "new evidence." <u>See</u> Petition at 21. Petitioner refers the Court to certain arguments raised in the Petition (concerning: (1) the jury was partial because the venue was not changed to outside of Lee County; (2) ineffective assistance during the plea bargaining process; and, (3) the prosecutor suppressed evidence), contending that these claims were based on newly discovered evidence.

Under § 2244(d)(1)(D), the one-year limitations period may run from the date on which, as a result of exercising due diligence, the petitioner could have discovered the factual predicate of the claim or claims presented. 28 U.S.C. § 2244(d)(1)(D). Petitioner's arguments are unavailing. The Eleventh Circuit Court of Appeals has found that the key inquiry in determining timeliness under § 2244(d)(1)(D), is whether the petitioner exercised due diligence in discovering the evidence. <u>Aron v. United States</u>, 291 F.3d 708, 711 (11th Cir. 2002) (stating- in the context of a nearly identical provision in 28 U.S.C. § 2255(f)(4)- that "the court should begin the timeliness inquiry . . . by determining whether te petitioner exercised due diligence."); <u>see</u> <u>also</u> <u>Ross v. Sec'y, Fla. Dep't of Corr.</u>, 517 F. App'x 731, 733 (11th Cir. 2013)(unpublished) (applying <u>Aron</u> in a § 2254 case). Petitioner is "presumed to have conducted a reasonable investigation of all facts surrounding [his] prosecution." <u>In re Boshears</u>, 110 F.3d

-5-

1538, 1540 (11th Cir. 1997) (citing McCleskey v. Zant, 499 U.S. 467, 498 (1991)). Due diligence in this context means reasonable diligence, not maximum feasible diligence. Aron, 291 F.3d at 712. None of the arguments Petitioner raises actually involve new evidence to trigger a later start date for the one-year limitations period because the factual predicate for the claims were available prior trial, and/or the postconviction court reasonably determined that the claims were refuted by the record.

Petitioner claims the jury was not impartial and that the venue should have been changed to outside of Lee County due to pre-trial publicity. Petition at 5-6. Petitioner claims that it was not until a postconviction evidentiary hearing held on July 23, 2007, that he discovered the factual predicate underlying this claim. Id. Petitioner submits that the assistant state attorney's testimony during Petitioner's July 23, 2007 evidentiary hearing contradicted his testimony at Petitioner's pretrial hearing on his motion to change venue.[5] Id. Related to this argument are Petitioner's contentions

---

[5] The assistant state attorney's statements at issue are as follows. Petitioner claimed that at the pretrial hearing, the assistant state attorney argued against the change of venue on the basis that there was no more publicity than usual and that a fair jury could be assembled. However, during the 2007 evidentiary hearing, the assistant state attorney testified that the case was high profile. See Exh. 13. The assistant state attorney further testified that many community members wrote the state attorney's office letters urging zealous prosecution. Id. The postconviction court rejected the idea that these statements were contradictory because one had to do with pre-trial publicity and the other had to do with letters from members of the community.

that the prosecution "suppressed favorable evidence" when they did not share letters from the community urging "zealous prosecution" to the defense, apparently for use in the pretrial motion to change venue hearing. See Petition at 11, 22.

Petitioner raised these arguments before the postconviction court in a Rule 3.850 motion. See Exh. 12. The postconviction court denied Petitioner relief, finding the evidence did not constitute newly discovered evidence because the allegations were not evidentiary in nature. Id. The postconviction court further noted that the assistant state attorney's testimony was not contradictory. This Court agrees that this claim is not based on new evidence. Before trial, Petitioner, through his counsel, moved for a change of venue on the basis that it would be difficult to find an impartial jury due to pre-trial publicity. Thus, Petitioner was aware of the factual predicate for this claim prior to trial as evidenced by the fact that he moved for a change of venue. See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1016-1019 (11th Cir. 2012) (concluding that evidence known to petitioner at time of trial was not "new").

Petitioner next argues that his defense counsel rendered ineffective assistance during the plea bargaining process by not conveying a plea offer of twenty-years imprisonment in exchange for a guilty plea to second-degree murder. Petition at 9, 22. Petitioner asserts that he did not learn about this possible twenty-year plea offer until May of 2005 during a telephone conversation with his aunt.

<u>Id.</u>  Petitioner explains that his aunt was "very concerned" about his trial and had numerous conversations with defense counsel, during which his attorney conveyed a plea offer of twenty-years to his aunt, but never to him.  <u>Id.</u> at 9.

Petitioner raised this claim of newly discovered evidence in his a Rule 3.850 motion.  Exh. 12.  The postconviction court denied Petitioner relief on this claim after conducting an evidentiary hearing.  During the hearing, the assistant state attorney testified that he was "absolutely certain" that the State did not make a plea offer in this case because the case was high profile, there was strong evidence and available witnesses, and the public outcry was for zealous prosecution.  Exh. 10, Vol. I.  Thus, Petitioner's claim does not entitle him to the limitations set forth in 2244(d)(1)(D) because there is no legitimate claim of "newly discovered evidence."

Petitioner also argues "manifest injustice," pointing to the five grounds for relief he raises in the Petition.  Petition at 21.  And, further argues that dismissing the Petition as untimely would amount to a violation of the Suspension Clause.  <u>Id.</u> at 22.  The Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." <u>Holland v. Florida</u>, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  <u>Id.</u> at

2562 (internal quotations and citations omitted).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence."  Id. at 2565.  Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition."  San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).  The petitioner bears the burden of establishing that equitable tolling applies.  Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).  Petitioner does not make such a showing.  In fact, in his Reply, Petitioner concedes that "he has made absolutely no claim whatsoever to 'equitable tolling.'"  See Reply at 2, n.1.

Finally, to the extent Petitioner argues enforcing the AEDPA limitations period amounts to a violation of the Suspension Clause, such an argument has already been rejected by the Eleventh Circuit Court of Appeal.  See Wyzkoowski v. Dep't of Corr., 226 F.3d 1213, 1217-18 (11th Cir. 2000) (concluding that, as a general matter, § 2244(d)(1)'s one-year statute of l imitations does not per se constitute a suspension of the writ of habeas corpus).

Based upon the foregoing, the Court finds the Petition is time barred and finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.  Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED**:

1.   The case is **DISMISSED** with prejudice.

2.   The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Ft. Myers, Florida, on this ___11th___ day of April, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record

-11-